### ANDERSON v. GARTH.

In assumpsit it was proved, that A. sold to G. his crop of cotton, and agreed to gin and deliver it as soon as practicable; G to pay 11½ cents per pound as soon as delivered; the amount of an execution which he held against A. to be deducted out of the price. G. was wealthy and in good credit, had advanced $50 towards the price, and A. had sold and delivered the cotton to another; it was not necessary that G should give further proof of readiness to perform his part of the agreement.

IN the County Court of Lawrence county, Garth declared in assumpsit against Anderson that, by written agreement between them, defendant acknowledged that he had sold to him his crop of cotton, supposed to be 20,000 pounds, and promised to gin and bale it, and deliver it at Brown's ferry as soon as practicable; and plaintiff bound himself to pay defendant for it at the rate of 11½ cents per pound as soon as delivered; the amount of an execution which plaintiff had against defendant ($1163 9 and costs,) to be deducted out of purchase money; that the defendant's crop amounted to 20,000 pounds of baled cotton; that it was practicable for him to have delivered it before the commencement of this suit; that plaintiff has always been ready and willing to receive and pay for it. Breach, that defendant did not and would not deliver the cotton, &c. General issue and verdict for plaintiff.

On the trial the plaintiff gave in evidence the written agreement, dated 22d February, 1825; and proved that the execution was held up and did not go into the sheriff's hands until the 19th of May, 1825; that Garth lived ten or twelve miles from Brown's ferry, was a wealthy and punctual man, and as witnesses believed but could not undertake to say positively, could at any time have commanded $1000; that there was a progressive rise in the price of cotton from the 1st of March till the 21st April, 1825, when at Brown's ferry it was worth twenty cents a pound; that on the 21st of April, 1825, Anderson sold and delivered the cotton, amounting to 15,486 pounds, to another person for 14 cents per pound; Garth had before this paid him $50 of the purchase money. The plaintiff offered no other evidence of his readiness and willingness to pay for the cotton.

The defendant by his counsel moved the Court to in-
struct the jury that, unless the plaintiff had proved that he
was ready and willing to pay for the cotton according to
said averments in the declaration, he could not recover
in this action. The Court refused to give this instruction,
and instructed the jury that, if they were satisfied that
the defendant had sold and delivered his said crop of
cotton and thereby put it out of his power to perform his
part of the contract, no other proof was necessary ; to
which the defendant excepted, &c. and assigned the mat-
ter of the bill of exceptions as error.

ORMOND, for plaintiff in error, cited 1 Saund. 319, 320
note. 5 Bos. and P, 240 note. 7 Term 121. 1 East 203.
2 Bos. and P. 447.

M·KINLEY and HOPKINS, for defendant in error.

JUDGE SAFFOLD delivered the opinion of the
Court.

IT is conceived to be a correct general principle, as con-
tended for by the defendant in error, that in contracts
where two concurrent acts are to be done, one being the
consideration of the other, the party who sues for nonper-
formance must aver and prove that he had performed or
was ready to perform his part of the contract. This
is the law governing all contracts involving purely de-
pendent stipulations, and is the doctrine maintained
in the cases of Morton against Lamb, [a] and Watter-    a 7 Term 121.
house against Skinner, [b] and in the several cases to which  b Bos. & P. 447.
they refer ; but as is expressed in the first mention-
ed case, whether covenants be or be not independent
of each other, must depend on the good sense of the
case, and on the order in which the several things
are to be done. In this case the defendant in the action
agreed to gin and bale the cotton and deliver it at a par-
ticular place as soon as practicable; the plaintiff agreed to
pay for it as soon as it was delivered. When it was or
could be delivered, was exclusively within the knowledge
of the defendant : he had received the amount of the exe-
cution and the $50 advanced, nearly three fourths of the
amount of the price agreed on; the payment did not
become due until the entire crop should be delivered at
the place. From the contract we must conclude that it was
the intention of the parties that Anderson should deliver
all the cotton, or give notice to Garth on what day it

21

would be done; and that he was bound to prove this before it could be necessary for Garth to prove that on any particular day he was in possession of the small balance of money necessary to pay for the crop and ready to pay it. It was not necessary that the plaintiff should have proved that at any time before the last sale and the delivery of the cotton he was prepared to pay for it. And if it is to be reviewed as a contract still open for performance, that the time when it was practicable for Anderson to have delivered the cotton according to his contract with Garth had not arrived when he made the second sale of it, this sale was clearly a violation of the first contract; and Anderson had thereby rendered himself unable to perform it, and after this it was unnecessary for Garth to prepare for making payment. It is the unanimous opinion of the Court that the judgement be affirmed.